IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME L. MOORE, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No.  21-30 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14[2] and 16).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

**I.  BACKGROUND**

*Pro se* Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act.[3]   Administrative Law Judge ("ALJ"), Michael S. Kaczmarek, held a hearing on July 23, 2019.   (ECF No. 10-11, pp. 34-63).   On December 3,

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

[2] Plaintiff did not file a Motion for Summary Judgment as ordered by the Court.   Therefore, on August 27, 2021, this Court issued a Rule to Show Cause.   (ECF No. 13).   On September 22, 2021, Plaintiff responded to the Rule to Show Cause.   (ECF No. 14).   As such, the Court did not dismiss the case and will construe Plaintiff's Response as his Motion for Summary Judgment.

[3] This case was previously vacated and remanded.   *See*, Civil Action No. 18-280 at ECF Nos. 14 and 15.

2019, the ALJ found that Plaintiff was not disabled under the Social Security Act.  (ECF No. 10-11, pp. 11-25).

After exhausting administrative remedies thereafter, Plaintiff filed this action.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16).  The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,*

2

786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[4] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.   Discussion**

Plaintiff does not identify any particular error on the part of the ALJ, however, he seems to argue that he has "no means to support" himself and, as such, the opinion of ALJ is incorrect.

---

[4]RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. *Id.*

3

(ECF No. 14, p. 1).  The question before me is whether substantial evidence supports the ALJ's findings.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  As set forth above, substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  Additionally, I note that inconsistency is a valid reason for discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence).

Here, the ALJ found that Plaintiff had not been under a disability from March 5, 2016, through the date of the decision, December 3, 2019.  After a review of the record and reading the decision of the ALJ as a whole, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 10-11, pp. 11-25).  Consequently, I find no error on the part of the ALJ.[5]

---

[5] Plaintiff attaches two one-page documents to his Motion that were not part of the record before the ALJ.  (ECF No. 14, pp. 16-17).  If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.  *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

4

An appropriate order shall follow.

---

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

The first record attached by Plaintiff is dated April 4, 2012, which is prior to the alleged onset date. (ECF No. 14, p. 16). Additionally, I note that it is a checked-box form from Dr. Wahrenberger indicating Plaintiff is permanently disabled. Such ultimate decisions of disability as it relates to social security claims are reserved solely for the ALJ. 20 C.F.R. § 404.1527(d), 416.927(d). Therefore, this document would not have changed the outcome of the ALJ's opinion. Thus, it is not new or material.

The second record is dated May 5, 2020. (ECF No. 14, p. 17). It indicates that Plaintiff was seen in an emergency room for hip and back pain but that the x-rays show no signs of dislocation or fracture. *Id.* There is nothing in this record that would indicate that the same would alter the outcome of the ALJ's opinion. Thus, this document is not material either. Consequently, remand under Sentence Six is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME L. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.   21-30 |
| ) | |
| KILOLO KIJAKAZI,[6] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[6]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.